## A. K. Cox *v.* C. L. SHARPE.

**Sale of Land — Specific Execution of Contract — Legal Remedy.**

> Where a party to a sale of real estate has an adequate legal remedy for the breach of the contract by the other party, a court of equity will not enforce a specific execution of the contract, unless it be necessary for justice.

APPEAL FROM NELSON CIRCUIT COURT.

October 1, 1866.

OPINION OF THE COURT BY JUDGE ROBERTSON:

When a party to a sale of real estate has an adequate legal remedy for a breach of the contract by the other party, a court of equity will not enforce a specific execution unless it be necessary for justice.

In this case, so far as we can judge from the record, the vendee has neither parted with anything, nor has been, or will be, subject to any special damage or inconvenience by a failure to get the legal title. It does not even appear that he would lose a fair speculation. On the contrary, a dismissal of his bill for a conveyance might and probably would leave both parties equitably *in statu quo.*

It is at least very doubtful whether the written memorial is not essentially different from the oral contract previously negotiated, and whether the vendor would ever have signed it or did sign it deliberately and understandingly. And, moreover, his wife refuses, and could not be compelled, to relinquish her contingent dower, and is unwilling to leave her home.

On such facts we can see no controlling principle or sufficient reason for a compulsive enforcement of the contract as sought by the appellee or as decreed by the Circuit Court. In our opinion, all the appellee can rightfully and conscientiously claim in this case is an assessment of special damages, if any he shall have sustained, and should elect an inquiry by a jury. And if he shall not ask this, his petition should be dismissed.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.